**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4993**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALBARR ALI ABDULLAH, a/k/a Albert Legare,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  C. Weston Houck, Senior District
Judge.  (2:12-cr-00688-CWH-1)

———————————

Submitted:  June 23, 2014        Decided:  July 1, 2014

———————————

Before GREGORY and KEENAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Affirmed and remanded by unpublished per curiam opinion.

———————————

Kimberly H. Albro, Research and Writing Specialist, FEDERAL
PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for
Appellant.  William Nettles, United States Attorney, M. Rhett
DeHart, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albarr Ali Abdullah pled guilty, pursuant to a plea agreement, to making fraudulent tax refund claims in violation of 18 U.S.C. § 287 (2012) (Count 5) and was sentenced to thirty months of imprisonment, the top of his properly-calculated Sentencing Guidelines range. On appeal, Abdullah alleges that his sentence was procedurally unreasonable because the district court failed to adequately explain its imposition of his thirty-month consecutive sentence from his advisory range of 24-30 months. For the reasons that follow, we affirm and remand for correction of a clerical error.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). This Court applies a presumption of reasonableness on appeal to a within-Guidelines range sentence. Rita, 551 U.S. at 347; see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing

Guidelines range is presumptively reasonable.") (citation omitted). Here, Abdullah only alleges that the district court committed procedural error for failing to adequately explain its imposition of sentence.

A sentencing court must conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Lynn, 592 F.3d at 584 (internal quotation marks omitted). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The district court must provide sufficient explanation to "demonstrate that it 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" Lynn, 592 F.3d at 576 (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

In the present case, the district court observed that it had considered the § 3553(a) factors but did not explain the factors as applied to Abdullah. Thus, the district court provided no individual reasons for imposing a sentence at the

3

high end of the advisory range, rather than the low end as requested by Abdullah. The court did, however, decline to impose a concurrent sentence based on Abdullah's record. As noted by the Government, the imposition of Abdullah's sentence as consecutive was proper under U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(a) (2013) because he was serving a term of imprisonment while committing the instant offense.

To the extent that the district court erred in failing to provide an adequate explanation of the § 3553(a) factors, we conclude that any error was harmless. In accordance with the applicable harmless error review, we will not reverse the court's judgment when the error did not have a substantial and injurious effect or influence on the result, and when we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed. See Lynn, 592 F.3d at 585 (citations omitted).

Accordingly, we affirm Abdullah's sentence but remand to the district court for the limited purpose of correcting a clerical error. In its criminal judgment, under section IV (sealed), the district court erroneously checked a box indicating that Abdullah's sentence was not over twenty-four months. (J.A. 97). This was clerical error under Fed. R. Crim.

4

P. 36.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>